**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL RADLE,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>UNUM LIFE INSURANCE COMPANY OF  )<br>AMERICA,  )<br>  )<br>Defendant.  ) | Case No. 4:21-CV-01039-NAB |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Michael Radle's ("Radle") Motion for Discovery. (Doc. 16.) Defendant Unum Life Insurance Company of America ("Unum Life") filed a response in opposition (Doc. 23), Radle filed a reply (Doc. 27), and the issues are fully briefed. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the Court grants Radle's motion for discovery.

**I.    Background**

This case arises under the Employee Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. Radle filed suit against Unum Life, seeking alternative relief for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2) (Count I) and for the wrongful denial of disability benefits under 29 U.S.C. § 1132(a)(1)(b) (Count II).

Radle, a former employee of United Skin Specialist, LLC, was a participant in the employee welfare benefit plan administered by Unum Life. Radle was to be paid long term disability benefits under the Plan for the 24-month period of November 14, 2017 through

November 13, 2019. (Doc. 22-1, Exh. C.)[1] On May 12, 2020, Unum Life informed Radle that his benefits would be discontinued as of May 13, 2020, based on a finding that he exhausted the 24 months of benefits payable for his mental illness. (Doc. 22-1, Exh. D.) The letter stated, in part:

> We cannot pay you Long Term Disability benefits beyond May 13, 2020.
> \*\*\*
> You began receiving Long Term Disability benefits effective November 14, 2017 due to the cognitive symptoms and relating impairment resulting from conversion disorder. On November 9, 2018, we informed you that this condition was limited to 24 months of benefits. By November 13, 2019, you exhausted benefits the policy will allow for due to your mental illness.
> \*\*\*
> In conclusion, the reviewing physicians have agreed your records support a finding that you can perform full-time activity at a level that is consistent with the demands of your occupational duties when excluding your behavioral health condition of Conversion Disorder. You have exhausted the 24 months of benefits for this condition. We have found your other conditions, would not preclude your ability to return to the demands of your regular occupation. Your claim has been closed.

(Exh. D, UA-CL-LTD-002001.)

Radle appealed Unum's determination letter by letter dated November 6, 2020. (Exh. E, UA-CL-LTD-002046.) Radle's appeal letter states three bases for appeal: First, Radle states a neurosurgery IME confirms the physical origin of post-concussion syndrome. Second, an independent neuropsychological evaluation rules out conversion order or other psychiatric causes. Third, Radle's treating physicians support a physical cause to his disability.

By letter dated February 5, 2021, Unum Life upheld its determination that Radle's benefits were limited to a 24-month period and that he had received the maximum benefits allowed under the Plan:

> Our appeal review has concluded, after excluding disabilities due to mental illness, there remains no medical evidence to support Mr. Radle remains limited from performing the material and substantial duties of his regular occupation.

---

[1] The Court notes that although the parties repeatedly cite to the administrative record by bates numbers, the administrative record is not in the Court's file and neither party attached exhibits to their briefing. The Court's citations are to pleadings and any bates stamp references are taken from the exhibits in support of Unum Life's pending Motion for Partial Summary Judgment. (Doc. 22-1.)

> Accordingly, he is no longer eligible to receive Long Term Disability benefits and the decision on his claim remains appropriate.
>
> While a behavioral health underlay is possible based on the available medical evidence, there are no medical providers indicating Mr. Radle is limited from working due to a mental illness. The Social Security Administration concluded Mr. Radle was not disabled and specifically considered his behavioral health conditions. On appeal, you have specifically denied Mr. Radle has conversion disorder or any mental limitations. Accordingly, the decision reached on Mr. Radle's Life Waiver of Premium claim that he is no longer limited from working when considering mental illness remains appropriate.

(Exh. F, UA-CL-LTD-006291.)

On April 4, 2022, Radle filed a Motion for Discovery indicating that the parties disagree on the scope of discovery in this matter. (Doc. 16.) Radle asserts that he is entitled to discovery on both Counts because discovery is necessary in all claims brought under § 1132(a)(3) and because the procedural irregularities and Unum's conflict of interest establish good cause for discovery beyond the administrative record for the § 1132(a)(1)(b) claim. Radle seeks the following discovery:

> 1. Written discovery regarding any and all claim handling manuals and procedures (however so named) that govern the investigation of a claim in order to assess if Unum followed guidelines for obtaining medical evidence to support its initial denial of claims as being not medically necessary.
> 2. Written discovery regarding any and all claim handling manuals and procedures (however so named) that govern the investigation of a claim in order to assess if Unum followed guidelines for reviewing and considering medical evidence, and what weight is to be given to different types of medical evidence.
> 3. Written discovery into any and all manuals, procedures, and guidelines (however so named) that govern the retention of third-party reviewers.
> 4. Deposition of Unum employee Kurt W. Phillips—not to exceed one hour in time—so as to inquire what medical records and reports were utilized in the
> review of Mr. Radle's claim and what additional evidence undisclosed to Mr. Radle was used in their benefits determination.
> 5. Written discovery identifying the Unum appeal vocational expert, Unum appeal neurologist, and all other reviewers that may have contributed to the additional evidence alluded to in the 2021 Unum denial letter, along with their curriculum vitae.
> 6. Deposition of unidentified Unum appeal vocational expert—not to exceed one hour in length—so as to inquire what records were utilized in the review of Mr.

3

> Radle's claims and regarding the application of the Unum manuals and procedures to those records.
> 7. Deposition of Unum medical reviewer Dr. Jacqueline Crawford—not to exceed one hour in length—so as to inquire what records were utilized in the review of Mr. Radle's claims and medical records and regarding the application of the Unum manuals and procedures to those records.
> 8. Deposition of the Unum appeal neurologist Julie Guay, Psy. D.—not to exceed one hour in length—so as to inquire what records were utilized in the review of Mr. Radle's claims and independent neuropsychological evaluation and regarding the application of the Unum manuals and procedures to those records.
> 9. Deposition of any other undisclosed expert—not to exceed one hour in length—so as to inquire what records were utilized in the review of Mr. Radle's claims and regarding the application of the Unum manuals and procedures to those records.
> 10. All compensation guidelines for medical reviewers, including but not limited to, the form and computation of any bonuses that may be paid.

(Doc. 17 at 14-15.)

## II.   Discussion

Under the Employee Retirement Income Security Act of 1974 ("ERISA"), a person who is denied benefits under an employee benefit plan may challenge that denial in federal court. 29 U.S.C. § 1001 et seq., *see* § 1132(a)(1)(B). In ERISA cases, review is generally limited to evidence that was before the administrator, and discovery is not allowed. *See Jones v. ReliaStar Life Ins. Co.*, 615 F.3d 941, 945 (8th Cir. 2010). This limitation on evidence ensures "expeditious judicial review of ERISA benefit decisions" and prevents "district courts from becoming substitute plan administrators." *Donatelli v. Home Ins. Co.*, 992 F.2d 763, 765 (8th Cir. 1993).

There are some narrow exceptions to this general rule. Radle seeks to apply these exceptions and obtain discovery on both of his claims. Unum Life objects to conducting any discovery.

### A.   Count I: Breach of Fiduciary Duty

In Count I, Radle asserts a breach of fiduciary duty claim pursuant to 29 U.S.C. § 1132(a)(3). He alleges that in terminating benefits, Unum Life, acting as a fiduciary in the

4

administration of Radle's claim, failed to adequately consider the facts and circumstances regarding his claim, failed to adequately investigate the facts supporting his claim, and relied on biased reviews of Radle's medical conditions in terminating benefits. Radle seeks the following relief: "Radle respectfully prays for judgment against [Unum] granting equitable relief including payment of the amount of unpaid past and future benefits, interest on past due sums, attorney fees and costs and for any other such relief as the Court deems just and proper." (Doc. 1 at 13.) He also asks the Court to "Declare Plaintiff's rights under the terms of the Plan, and clarify his rights to future benefits under the terms of the Plan;" "Enjoin Defendants [sic] to provide a procedure for a full and fair review of adverse determinations under the Plan in accordance with 29 U.S.C. § 1133;" and "Enjoin Defendants [sic] to discharge their fiduciary duties in accordance with 29 U.S.C. § 1104." (Doc. 1 at 15.) As is more fully discussed below, Radle seeks discovery on this claim to explore the nature and extent of the conflict of interest and/or procedural irregularity that forms the basis of Unum Life's fiduciary duties.

Although a review of the denial of benefits is generally limited to evidence that was before the administrator, district courts have held "this limitation on discovery does not apply to claims involving ERISA plans when the claims are for equitable relief under § 1132(a)(3) or for equitable estoppel." *Kostecki v. Prudential Ins. Co. of Am.*, No. 4:14-CV-695 JCH, 2014 WL 5094004, at *1 (E.D. Mo. Oct. 10, 2014) (collecting cases). "This is so because these types of actions 'do not benefit from the administrative process.'" *Id.* (quoting *Jensen v. Solvay Chems., Inc.,* 520 F.Supp.2d 1349, 1355 (D. Wyo. Oct. 18, 2007) ("Case law does not constrain discovery under ERISA § [1132](a)(3) actions.").

Because the principles of limiting discovery in wrongful denial cases do not apply to claims of fiduciary duty claims, the Court finds that discovery on Count I is appropriate. Radle alleges

that Unum Life has breached its fiduciary duty and violated ERISA and Radle seeks equitable relief to enforce ERISA provisions or the terms of the plan. At this stage and upon consideration of the precedent of this Court, it seems that this claim would benefit from consideration of facts likely outside the administrative record.[2] *See, e.g., Friemon v. Nat'l Carriers' Conf. Comm.*, No. 4:18CV702 JCH, 2018 WL 6171439, at *2 (E.D. Mo. Nov. 26, 2018); *Dapron v. Spire Missouri, Inc.*, No. 4:17 CV 2671 JMB, 2018 WL 3609446, at *6 (E.D. Mo. July 27, 2018); *Kostecki v. Prudential Ins. Co. of Am.*, No. 4:14-CV-695 JCH, 2014 WL 5094004, at *2 (E.D. Mo. Oct. 10, 2014). Therefore, the Court will grant Radle's motion for discovery to the extent it seeks discovery related to Radle's breach of fiduciary duty claim. Radle is not granted leave to seek discovery of information that is already apparent from the administrative record. Without having reviewed the administrative record, the Court is not in a position to determine whether the ten categories of requests sought, including five depositions on overlapping topics, are sufficiently limited in scope. The parties should diligently meet and confer and attempt to agree on the appropriate scope of discovery.

### B.      Count II: Wrongful Denial of Benefits

In Count II, Radle claims he was wrongfully denied disability benefits under 29 U.S.C. § 1132(a)(1)(b). Radle argues discovery is necessary to determine the effect of Unum's palpable conflict of interest and/or procedural irregularities in the record.

In a wrongful denial of benefits case, a district court may permit the admission of additional evidence if the plaintiff shows "good cause" for the court to do so. *Brown v. Seitz Foods, Inc.*,

---

[2] Unum Life does not dispute that a breach of fiduciary duty claim is not subject to the typical discovery limitations imposed on a denial of benefits claim. Instead, Unum Life briefly argues that Radle's breach of fiduciary duty claim fails as a matter of law and points to its pending motion for summary judgment. Although Unum Life may be correct in its assertion that Radle cannot prevail on his breach of fiduciary duty claim, the Court is not addressing the merits of the summary judgment motion at this time.

*Disability Ben. Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998). Discovery may be permitted to establish either a palpable conflict of interest or serious procedural irregularity. *See Farley v. Arkansas Blue Cross & Blue Shield*, 147 F.3d 774, 776 n.4 (8th Cir. 1998). Conflicts of interest exists whenever the same entity both determines benefits eligibility under an ERISA plan and pays the benefits out of its own pocket. *Metro Life Ins. Co. v. Glenn*, 554 U.S. 105, 114 (2008). A procedural irregularity is said to exist where the plan administrator, in the exercise of its power, acted dishonestly, from improper motive, or failed to use sound judgment in reaching its decision. *Menz v. Procter & Gamble Health Care Plan*, 520 F.3d 865, 869 (8th Cir. 2008).

### 1. Conflict of Interest

Unum Life is both the decider of benefits eligibility and the payer of benefits under the Plan. This is the definition of a conflict of interest. Radle argues that "[d]iscovery into what [e]ffect that conflict [had] on the determination reached by Unum is necessary," and from the face of the claim file Unum Life ignored substantial objective medical evidence that the initial diagnosis of conversion disorder was no longer appropriate or supported by the evidence. (Doc. 17 at 7.)

District courts utilize discretion regarding whether to allow discovery, and in the face of an undisputed structural conflict of interest, courts vary on whether discovery should be allowed. *Compare Jones v. ReliaStar Life Ins. Co.*, 615 F.3d 941, 945 (8th Cir. 2010) (affirming denial of motion for discovery to explore conflict of interest because discovery was unnecessary to establish the existence of a conflict); *and Dapron v. Spire Missouri, Inc.*, No. 4:17 CV 2671 JMB, 2018 WL 3609446, at *5 (E.D. Mo. July 27, 2018) ("The existence of a possible or actual conflict of interest does not automatically justify additional discovery."); *with Stallings v. Procter & Gamble Disability, Comm.*, No. 1:20-CV-270-MTS, 2021 WL 4902328, at *2 (E.D. Mo. Oct. 21, 2021) ("Plaintiff should be allowed to conduct limited discovery to determine whether such policies,

procedures, and practices [to ensure any conflict does not impact the benefit determination process] do actually exist and, if so, to what extent, if any, they interfered with the fair review of Plaintiff's claim for benefits."); *Sampson v. Prudential Ins. Co. of Am.*, No. 4:08CV1290 CDP, 2009 WL 882407, at *2 (E.D. Mo. Mar. 26, 2009) ("[A] conflict or procedural irregularity cannot be considered in a vacuum. Discovery is required to explore the nature and extent of the purported conflict or irregularity at issue."); *and Sanders v. Unum Life Ins. Co. of Am.*, No. 4:08 CV 00421 JLH, 2008 WL 4493043, at *4 (E.D. Ark. Oct. 2, 2008) ("Sanders is entitled to know whether the review conducted by Unum in his case complied with Unum's internal guidelines and policies, if such guidelines and policies exist."). Here, Radle has shown a conflict of interest because the parties agree that Unum Life acts as both a plan administrator and the payer of benefits. The undersigned concludes that limited discovery may be conducted to allow for Radle to determine how Unum Life's conflict affected the evaluation of Radle's claim, if at all.

## 2. Procedural Irregularities

Radle contends that two procedural irregularities support the need for discovery. First, Radle asserts that Unum Life relied on evidence it did not submit to Radle for review. Second, Radle asserts that Unum Life failed to consider up-to-date objective medical evidence in favor of the outdated reports of Unum Life's reviewers.

Even assuming that these constitute procedural irregularities, the mere existence of a procedural irregularity does not establish good cause for discovery. Because "[a] palpable conflict of interest or serious procedural irregularity will ordinarily be apparent on the face of the administrative record or will be stipulated to by the parties," *Farley*, 147 F.3d at 776 n.4, "[a] plaintiff must show good cause for such discovery by establishing that the administrative record *is insufficient to establish* a ... serious procedural irregularity," *Moore v. Sedgwick Claims Mgmt.*

8

*Servs., Inc.*, No. 4:19 CV 2513 CDP, 2020 WL 2494590, at *2 (emphasis added and internal quotation marks omitted). This limited-discovery regime "ensure[s] expeditious judicial review ... and [ ] keep[s] district courts from becoming substitute plan administrators." *Brown v. Seitz Foods, Inc. Disability Benefit Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998).

First, Radle asserts that Unum Life failed to follow ERISA regulations that require an administrator to give a claimant a clear explanation of why the claim was denied and the opportunity to review and respond to new information that the administrator relied upon to make the denial. (Doc. 17 at 8 citing 29 C.F.R. § 2560.503-1.) Unum Life responds that there is no procedural irregularity because Unum Life did not violate an *applicable* ERISA regulation. Unum Life contends that the regulation Radle points to is an amended regulation that was not in effect at the time Radle filed his claim, and Unum Life has filed a motion for partial summary judgment with respect to the issue. Radle replies that regardless of when the amendment went into effect, Unum Life presumably adopted claims policies and procedures that are consistent with the amendment's requirements. If Unum Life changed its internal guidelines prior to deciding Radle's appeal and declined to implement the guidelines for Radle's appeal, then a procedural irregularity may exist regardless of whether the amended ERISA regulation applied at the time Radle filed his claim.

The undersigned finds that Radle has shown good cause for limited discovery to determine whether Unum Life's decision not to provide the additional information generated on appeal prior to reaching a final appeal decision was in compliance with its policies and procedures. (*See* Doc. 22-1, Exh. H.) Radle should be allowed to determine whether such policies, procedures, or guidelines exist and, if so, to what extent they affected a fair review of Radle's claim for benefits, if at all.

9

As to second alleged irregularity, Radle argues that Unum disregarded evidence related to three Independent Medical Exams and/or Opinions: the August 9, 2020 IME performed by neurosurgeon Dr. Yazdi, the June 2020 Independent Neuropsychological Evaluation performed by Dr. Leonberger, and the October 16, 2020 Independent Vocational Assessment performed by Delores Gonzalez.  However, Radle admits that Unum Life considered and at least "cherry-picked" from the evaluations (*see, e.g.,* Doc. 17 at 10, 12, Doc. 27 at 6), and his real grievance is that Unum Life favored different evaluations over these three evaluations. These arguments seemingly can be addressed by consulting the administrative record, as they go to a merits review of the denial decision. *See, e.g., J.W. by & through Williams v. Cigna Health & Life Ins. Co.*, No. 4:21-CV-00324-SRC, 2022 WL 1185196, at *3 (E.D. Mo. Apr. 21, 2022) ("[B]ecause the administrative record contains the information on which Cigna relied in making its coverage determinations, when the Court turns to the merits, it need only consult the administrative record to determine whether Cigna failed properly to investigate [plaintiff's] claims and whether Cigna abused its discretion in denying coverage."); *Tucker v. Express Scripts Health & Welfare Benefits Plan*, No. 4:20-CV-00987-NCC, 2021 WL 1857109, at *6 (E.D. Mo. May 10, 2021) ("The different medical opinions regarding the extent and nature of [plaintiff's] disability lies at the heart of a merits-based ERISA determination and does not establish a conflict of interest or procedural irregularity.")

The Court will grant Radle's motion to the extent it seeks discovery consistent with the above discussion. The grant of leave to conduct discovery does not mean that Radle is entitled to wholesale access to the ten categories of information and depositions he identifies in his motion. Instead, the parties will meet and confer regarding the appropriate scope of discovery and make every effort to agree on reasonable requests. Additionally, to the extent the administrative record does not contain "all documents, records, and other information relevant to the claimant's claim

10

for benefits" including documents, records, or other information "submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination," Unum Life shall supplement the administrative record pursuant to 29 C.F.R. § 2560.503-1(h)(2) and 29 C.F.R. § 2560.503-1(m)(8). *See Woodrome v. Ascension Health*, No. 4:19-CV-02638 JCH, 2020 WL 1479149, at *2 (E.D. Mo. Mar. 26, 2020) ("[A] plaintiff is entitled to the administrative record and should not have to engage in discovery to obtain a complete record as defined by the Regulations.")

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Discovery is **GRANTED**. (Doc. 16.)

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of August, 2022.