# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL RADLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 4:21CV1039 HEA |
| ) | |
| UNUM LIFE INSURANCE COMPANY ) | |
| OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Leave of Court to File a Counterclaim against Plaintiff Michael Radle, [Doc. No. 40]. Plaintiff opposes the Motion. Defendant has replied to Plaintiff's opposition. For the reasons set forth below, the Motion is granted.

### Facts and Background

The facts relevant to the instant motion are found on the Court's docket and from the parties' briefs.

On August 21, 2021, Plaintiff filed this action seeking judicial review of an adverse determination that he was no longer eligible to receive long term disability benefits under a group insurance policy (the "Policy") issued by Unum

Life and governed by ERISA. Plaintiff alleges, among other things, that Unum Life wrongfully terminated his disability benefits on or around May 2020.

On December 17, 2021, Defendant filed its Answer and Statement of Affirmative and Additional Defenses to Plaintiff's Complaint (the "Answer"). It did not, at that time, include a counterclaim for repayment of any Social Security Award.

On January 12, 2022, the Social Security Administration ("SSA") issued Plaintiff a Notice of Award finding that Plaintiff was entitled to monthly disability benefits from the SSA ("SSDI benefits") retroactively beginning February 2018. The SSA had previously denied Plaintiff's application for SSDI benefits. In the Notice of Award, Plaintiff was advised that he would receive a check for $91,507.87, which represented money due to him from his disability date of August 15, 2017 through November 2021. (See Id.) The SSA also advised Plaintiff that he would continue to receive monthly SSDI benefits in excess of $2,500.00.

Prior to the SSA's issuance of the Notice of Award, Defendant had paid Plaintiff disability benefits from November 2017 through May 2020 for a total amount of $149,855.56.

On August 30, 2022, Plaintiff's counsel sent Defendant's counsel the Notice of Award advising defense counsel of Plaintiff's receipt of SSDI benefits.

On September 6, 2022, the parties mediated this case, but the mediation was unsuccessful.

Defendant claims that under the Policy, it is entitled to deduct from Plaintiff's gross disability payments, "the amount that [Plaintiff]...receive[s] or [is] entitled to receive as disability payments because of [his] disability under the United States Social Security Act."

The Policy provides, in pertinent part:

> Unum, for itself and as claims fiduciary for the Plan, is entitled to legal and equitable relief to enforce its right to recover any benefit overpayments caused by your receipt of disability earnings or deductible sources of income from a third party. This right of recovery is enforceable even if the amount you receive from the third party is less than the actual loss suffered by you but will not exceed the benefits paid you under the policy. Unum and the Plan have an equitable lien over such sources of income until any benefit overpayments have been recovered in full.

The Policy further provides, "Unum has the right to recover any over payments due to...disability earnings or deductible sources of income."  In such instances, Plaintiff "must reimburse [Unum Life] in full."  Plaintiff executed an acknowledgment stating that "should [his] claim be overpaid for any reason it is [his] obligation to repay any such overpayment."  When Defendant approved Plaintiff's claim for long term disability benefits, it advised Plaintiff that his benefits "may be reduced by other income benefits [he is] receiving or may receive in the future, such as Social Security [benefits]."

As a result of Plaintiff's award of SSDI benefits on January 12, 2022, Plaintiff has received an overpayment of $70,366.50 in benefits from Unum Life under the Policy.

## Discussion

Rule 13(e) of the Federal Rules of Civil Procedure outlines when a counterclaim may be filed after Defendant's initial answer and counterclaims.

> **(e) Counterclaim Maturing or Acquired After Pleading.** The court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading.

Fed. R. Civ. P. 13.

Plaintiff argues Defendant's counterclaim is untimely.  This argument is without merit.  Defendant sought to file this counterclaim within a reasonable time from when it matured or was acquired after Defendant's answer.  It was not until the Social Security Administration awarded Plaintiff disability coverage *and* Defendant discovered the award that the counterclaim matured.

Plaintiff argues Defendant learned of the claim through the confidential mediation. Not so. Defendant has established that it learned of the claim when Plaintiff's counsel advised it of the award prior to the mediation.

Plaintiff argues Defendant is seeking an improper remedy.  This argument goes to the merits of Defendant's counterclaim; it has no bearing on the issue of whether Defendant should be allowed to file the counterclaim under Rule 13.

[4]

## Conclusion

Based upon the foregoing, Defendant is entitled to file its subsequently matured counterclaim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Leave of Court to File a Counterclaim against Plaintiff Michael Radle, [Doc. No. 40], is **GRANTED**.

Dated this 28th day of March 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE