UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL RADLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21CV1039 HEA |
| | ) | |
| UNUM LIFE INSURANCE COMPANY OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim, [Doc. No. 77]. Defendant opposes the Motion. Plaintiff has filed a Reply to the Opposition.  For the reasons set forth below, the Motion is denied.

### Facts and Background

Plaintiff brought this action against Defendant under the  Employee Retirement Income Security Act of 1974, ("ERISA"), § 502(a)(3), 29 U.S.C. § 1132(a)(3) claiming Defendant failed to adequately consider the facts and circumstances regarding his disability claim under the Long-Term Disability Plan under which Plaintiff was a member. Defendant discontinued Plaintiff's disability benefits after 24 months.

1

Defendant sought leave to file a counterclaim against Plaintiff after it discovered the Social Security Administration awarded Plaintiff disability benefits. Defendant's counterclaim asserts it is entitled to recover, as overpayment, the amount it paid Plaintiff while Plaintiff received Social Security benefits, pursuant to the Plan.

Plaintiff moves to dismiss the counterclaim for failure to state a cause of action.

**Motion to Dismiss Standards**

In order "[t]o survive a motion to dismiss, a complaint must plead sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Edwards v. City of Florissant*, 58 F.4th 372, 376 (8th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible if the plaintiff pleads facts that allow the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, 59 F.4th 948, 953 (8th Cir. 2023) (internal quotation marks and alteration omitted) (quoting *Iqbal*, 556 U.S. at 678)). "If, on the other hand, the plaintiff pleads facts that are merely consistent with a Defendant's liability, the complaint stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks and citation omitted); accord *Edwards*, 58 F.4th at 377 ("[W]here the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged—but it has not shown—
that the pleader is entitled to relief." (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct.
1937)).

In deciding whether a complaint satisfies the plausibility test, the Court must
"accept 'as true the complaint's factual allegations and grant[ ] all reasonable
inferences to the non-moving party.'" *Park Irmat Drug Corp. v. Express Scripts
Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (alteration in original) (quoting
*Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585, 591 (8th Cir. 2009)). This rule "is
inapplicable to legal conclusions," which the Court may disregard. *Iqbal*, 556 U.S.
at 678. Likewise, "'naked assertions devoid of further factual enhancement,' do not
suffice, nor do '[t]hreadbare recitals of the elements of a cause of action, supported
by mere conclusory statements.'" *Roberson v. Dakota Boys & Girls Ranch*, 42
F.4th 924, 928 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678). With few
exceptions, the Rule 12(b)(6) analysis is constrained to factual matter alleged in the
complaint. See *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th
Cir. 2012) ("[T]he court generally must ignore materials outside the pleadings, but
it may consider some materials that are part of the public record or do not
contradict the complaint, as well as materials that are necessarily embraced by the
pleadings." (citations omitted)).

**Discussion**

3

Plaintiff argues the counterclaim should be dismissed because Defendant makes no allegations that the overpayment funds are separately identifiable nor that the Court can identify the funds independent of Plaintiff's other assets. Defendant, however, correctly argues that these grounds for dismissal are not proper at this stage of the litigation.

Under 29 U.S.C. § 1132(a)(3), a fiduciary of an ERISA-governed plan may bring a civil action seeking equitable relief to redress violations or enforce provisions of ERISA or the terms of the plan. A claim for equitable relief must seek recovery through a constructive trust or equitable lien on a specifically identified fund in the defendant's possession. *See Sereboff v. Mid Atlantic Med. Servs., Inc.,* 547 U.S. 356, 362–63 (2006). A claim for reimbursement of overpayments resulting from payment of Social Security benefits constitutes a claim for equitable relief. *Dillard's v. Liberty Life Assurance Co.,* 456 F.3d 894, 901 (8th Cir.2006).

Plaintiff essentially admits Defendant paid LTD benefits under the plan for time that he was paid by the SSA. He urges dismissal because he claims he no longer has the funds for which Defendant is seeking to be repaid. Plaintiff claims Defendant has failed to detail where and how the funds are specifically separated from his other assets.

4

Defendant's counterclaim sets out that Defendant is seeking equitable relief to recover for the overpayment; that it paid Plaintiff while he was concurrently entitled to social security benefits; that the Plan provides, which Plaintiff has acknowledged, that it is entitled to reimbursement of overpayments.

Assuming the truth of the allegations in the Amended Counterclaim, Defendant has sufficiently pled a claim for equitable relief. Plaintiff's concerns regarding whether the funds can be identified may be raised after discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss, [Doc. No. 77] is denied.

 Dated this 6th day of December,  2023.

_____
     HENRY EDWARD AUTREY
     UNITED STATES DISTRICT JUDGE